IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROON RASHEED, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-2900-M |
| | § | |
| TRACY TARANGO, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Order of Referral*, Doc. 10, the Court now considers Defendant's *Motion to Dismiss Petition as Moot with Memorandum and Brief*, Doc. 9. For the reasons that follow, it is recommended that the motion be **GRANTED**.

On September 3, 2015, Plaintiff filed this action against Defendant seeking a writ of mandamus "to compel adjudication of Plaintiff's [N-400] naturalization application." Doc. 2 at 1, 5. Defendant, Field Office Director of United States Citizenship and Immigration Services, represents to the Court that on March 4, 2016, the United States Citizenship and Immigration Services denied Plaintiff's N-400 application. Doc. 9. Defendant, thus, moves to dismiss Plaintiff's claims under FED. R. CIV. P. 12(b)(1), for lack of subject matter jurisdiction. Doc. 9.

Under the Local Civil Rules, Plaintiff was required to file a response to Defendant's motion on or before March 25, 2016, if he opposed the relief sought. *See* N.D. TEX. CIV. R. **7.**1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). To date, however, Plaintiff has failed to respond. Thus, the Court deems the motion uncontested.

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Under 28

U.S.C. § 1361, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Where the question of mootness arises, however, the court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted); *Carr v. Saucier*, 582 F.2d 14, 15–16 (5th Cir. 1978) (if the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction).

Here, the Government proffered that the United States Citizenship and Immigration Services denied Plaintiffs' Form I-485 applications on March 4, 2016. Doc. 9 at 1. Plaintiff has not contested that assertion. Thus, the Court finds that there is no actual, ongoing controversy between the litigants, and that this case should be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of jurisdiction.

Accordingly, it is recommended that Defendant's *Motion to Dismiss Petition as Moot*, Doc. 9, be **GRANTED** and that this case **DISMISSED WITH PREJUDICE**.

**SIGNED** on April 14, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) ; Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE